### ROTHSCHILD and others *v.* MATTHEWS.

*(Circuit Court, E. D. Michigan.  July 22, 1884.*

1. REMOVAL OF CAUSE—CASE ARISING UNDER LAWS OF UNITED STATES.
    Plaintiffs sued defendant, a United States marshal, in the state court, for trespass in seizing and carrying away books of account belonging to them, but the declaration failed to allege that defendant acted in his official capacity. Defendant demurred generally, and thereupon filed a petition for removal of the case to the federal court, alleging in his petition that he was a United States marshal, and acted under an attachment issued by the United States circuit court in making the alleged seizure, "if any seizure actually occurred," and that the suit was one arising under the laws of the United States, and involved the construction of such laws.  *Held,* that the record did not present a case within the jurisdiction of the federal court, and that the cause was not removable.

2. SAME—PETITION—RECORD.
    The ground of jurisdiction of the United States court must appear in the record as it actually exists, and the petition for removal can be taken as part of that record only so far as it states facts which may be regarded as legally consistent with the pleadings of the parties and within the purview of the issue, if one has been made between them.

Motion to Remand.

MATTHEWS, Justice.    This case is submitted on a motion by plaintiffs to remand it to the superior court of Detroit, from which it was removed on petition of the defendant.    The action was brought to recover $10,000 damages for an alleged trespass, described as the forcible and unlawful taking and carrying away from the possession of the plaintiffs of certain books of account belonging to them.    There is nothing in the declaration from which it can be inferred that the trespass complained of was committed under color of right on the part of the defendant.    To this declaration a general demurrer was filed by the defendant; and thereupon the defendant filed in the state court his petition for the removal of the cause to this court.

This petition sets out that the defendant is, and was at the time of the alleged grievances, the United States marshal for the Eastern district of Michigan; that the suit is one arising under the laws of the United States; that, as appears by the declaration, it was brought against the petitioner for unlawfully seizing certain property and books of account, and for retaining and holding the same in his possession, and converting the same to his own use; and continues as follows:

"Your petitioner further represents that at the time of the seizing and taking possession of said books of account, if such seizure and possession act-

ually occurred, your petitioner was acting in his official capacity, under and by virtue of a certain writ of attachment issued out of the circuit court of the United States in and for the Eastern district of Michigan, in a certain suit then instituted in said court, wherein the said Raphael Rothschild and Charles Sittig were defendants, and Leopold Erstein and Marx Erstein were plaintiffs; that in the commission of the acts and grievances mentioned and set forth in said declaration, if such occurred, your petitioner, in so far as he can be charged with being a party thereto, was acting solely in his capacity as said marshal, and under and by virtue of the laws of the United States in such cases made and provided, and that the defense of your petitioner in said cause distinctly involves, among other things, the construction of the laws of the United States."

The state court found the bond offered with the petition sufficient, but denied the right of the defendant to remove the cause. The defendant thereupon caused copies of the papers in the cause to be filed in this court, and the cause to be docketed. The plaintiffs now move to remand it to the state court.

The sole ground on which the right of removal is claimed here is that the suit is one of a civil nature where the matter in dispute, exclusive of costs, exceeds the value of $500, "arising under the constitution or laws of the United States." It is no objection to the right of removal on this ground that it is invoked in behalf of the defendant; for, as was decided in *Railroad Co.* v. *Mississippi*, 102 U. S. 135, 141, "cases arising under the laws of the United States are such as grow out of the legislation of congress, whether they constitute the right or privilege or claim or protection or defense of the party, in whole or in part, by whom they are asserted." If, however, we look only at the pleadings in the suit sought to be removed, and the issues raised by them, it is plain that there is no case, within the meaning of the act, arising under the laws of the United States. The defendant is sued as an individual trespasser, and not for any act alleged to have been done *colore officii*. To the declaration, setting forth the trespass, he files a general demurrer. This presents an issue of law as to the sufficiency of the declaration; and clearly no federal question is involved in that. The matter relied on, however, is set up in the petition for removal; and that is claimed to constitute part of the record, for the purpose of this motion, and to be sufficient to justify the removal.

The case of *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199, was very much like the present. That was a bill in equity to restrain the defendants from proceedings alleged to constitute a nuisance, to which there was a general demurrer. The cause was removed from the state court to the circuit court of the United States, as a suit "arising under the constitution or laws of the United States." Upon the pleadings alone, as was said by the supreme court, it was clear the defendants had not brought themselves within the statute. The complaint simply set forth the ownership by the complainant of his property, and the acts of the defendants which it was claimed caused

a private nuisance. No right was asserted under the constitution or laws of the United States, and nothing was stated from which it could in any manner be inferred that the defendants sought to justify the acts complained of by reason of any such authority. It resulted, therefore, that the validity of the judgment of the circuit court remanding the cause, and brought into question by the writ of error, depended upon the sufficiency of the facts set forth in the petition for removal. "For the purposes of the transfer of a cause," said the the court, (page 202,) "the petition for removal, which the statute requires, performs the office of pleading. Upon its statements, in connection with the other parts of the record, the courts must act in declaring the law upon the question it presents. It should, therefore, set forth the essential facts, not otherwise appearing in the case, which the law has made conditions precedent to the change of jurisdiction. If it fails in this, it is defective in substance, and must be treated accordingly."

In that case the judgment of the circuit court remanding the cause was affirmed on account of the insufficiency of the petition for removal, notwithstanding in that the defendants set forth their ownership, by title derived under the laws of the United States, of certain valuable mines that could be worked only by the hydraulic process, which necessity required the use of the channels of the river and its tributaries in the manner complained of, and claimed the right to this use under the provisions of certain specified acts of congress; the petition alleging that the action arose under, and that its determination would necessary involve and require the construction of, the laws of the United States specifically enumerated, as well as the pre-emption laws, because it stated no facts to show the right claimed, or to enable the court to see whether it necessarily depended upon the construction of the statutes. "Certainly," said the court, (page 203,) "an answer or plea, containing only the statements of the petition, would not be sufficient for the presentation of a defense to the action under the provisions of the statutes relied upon. The immunities of the statutes are, in effect, conclusions of law from the existence of particular facts. Protection is not afforded to all under all circumstances. In pleading the statute, therefore, the facts must be stated which call it into operation. The averment that it is in operaation will not be enough, for that is the precise question the court is called upon to determine. * * * A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the constitution or laws of the United States; the decision of the case must depend upon that construction." Tried by these tests, there was no sufficient ground for the removal of the present action, and the motion to remand must be granted.

As already shown, the pleadings do not show a case, arising under the constitution or laws of the United States, and the petition for re-

moval does not sufficiently supply the necessary facts. That petition, so far as it alleges matters of fact, if it is treated as a plea of justification by the defendant in his official capacity, under a writ of attachment, is substantially and fatally defective. Such a plea, to be good, being in confession and avoidance, must admit distinctly and unequivocally the facts charged in the declaration and sought to be justified. Here the justification of the seizing and taking possession of the books of account, which is the wrong and trespass complained of, is contingent: "if such seizure and possession actually occurred." It may, therefore, well be—at least, it is consistent with this petition—that the defendant expects to prevail, and may prevail, upon a plea of not guilty, by proof showing that the allegations of the declaration are not true. In confirmation of this possibility it is further stated in the petition "that in the commission of the acts and grievances mentioned and set forth in said declaration, if such occurred, your petitioner, in so far as he can be charged with being a party thereto, was acting solely in his capacity as said marshal, and under and by virtue of the laws of the United States," etc.; and from that it may be inferred that the acts and grievances mentioned may not have occurred at all, or that, if they had occurred, the defendant could not be charged with being a party thereto. And, in addition, the command of the writ of attachment is not set out nor stated so that it is impossible to say whether it included the books of account alleged to be taken, and therefore to determine whether that writ could be pleaded as a justification. It therefore does not affirmatively appear upon the face of this petition that the decision of the case depends upon any construction to be given to the constitution, or any law of the United States. Indeed, the closing allegation of the petition is "that the defense of your petitioner in said cause distinctly involves, among other things, the construction of the laws of the United States," which is inconsistent with the conclusion that its decision depends upon such construction; for it may be decided upon some of these other things equally involved in it.

There is another consideration which seems to me is by itself conclusive of the question of removal. The right of removal depends upon whether the case sought to be removed is one arising under the constitution or laws of the United States; and whether it is one of that character must appear from the record as existing at the time of removal in the state court, including in proper cases the petition for removal. Where there is nothing to show its character but the statement of the plaintiffs' cause of action, and the right of removal, therefore, depends upon the case as made complete by the defense of the defendant, that defense must be shown on the record, not merely as a possible and competent defense, but one actually made or to be made and relied on, and one which, therefore, necessarily imports into the decision of the case the federal question which authorizes the change of jurisdiction. When an issue has been made in the state

court, that issue must be such as to embrace and cover the alleged defense, either as permitting the facts of which it consists to be adduced in evidence, or as setting them out specially as a bar to the action. If the issue be not of this character it cannot be true, as matter of law, that the decision of the case necessarily depends upon a federal question, because the latter cannot arise except upon facts exhibited either by plea or in proof. In the present case there is a demurrer to the declaration raising only, as a question of law, the sufficiency of the plaintiffs' statement of their cause of action. That is the case sought to be removed, and it involves no question under any law of the United States. If the defendant has a defense arising under any such law, he cannot make it under the pleadings in the case, and whether he ever will or can do so does not certainly appear. It cannot be inferred from anything at present in the record. If the demurrer is well taken, he certainly will not, for the demurrer sustained is a decision upon the merits, and ends the action; or if it leads to an amendment, that may make a different case. If it is overruled, whether the defendant will plead, and if so, what, is not made to appear. It is not open, for the purpose of jurisdiction, to speculate upon what may take place in the progress of the cause. The ground of present jurisdiction must appear in the record as it actually exists, and the petition for removal can be taken as part of that record only so far as it states facts which may be regarded as legally consistent with the pleadings of the parties, and within the purview of the issue, if one has been made between them.

For these reasons the motion of the plaintiffs to remand the cause to the superior court of Detroit is granted, and the cause is remanded accordingly, at the costs of the defendant.