In re FRONASCONE. In re SALASIN. In re MAYROVICA. In re POLLACK.

(Circuit Court, E. D. Pennsylvania. January 18, 1900.)

ALIENS—ADMISSION TO CITIZENSHIP—PROOF REQUIRED.

Under Rev. St. § 2167, which permits an alien who has resided within the United States for 3 years next preceding his arriving at the age of 21 years to be admitted as a citizen without having made the declaration of intention required by section 2165 to be made by adult immigrants at least 2 years prior to their admission, but which requires that such applicant shall make such declaration at the time of his admission, "and shall further declare on oath, and prove to the satisfaction of the court, that for two years next preceding it has been his bona fide intention to become a citizen of the United States," substantial evidence of the existence of such intention for the required time, in addition to the oath of the applicant, is required; and vague, oral statements of a single witness should not be accepted as a sufficient substitute for the documentary evidence required by section 2165.

These were applications by aliens to be admitted as citizens of the United States.

DALLAS, Circuit Judge. Section 2167 of the Revised Statutes provides that "any alien, being under the age of twenty-one years, who has resided within the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admitted as a citizen thereof, may * * * be admitted a citizen of the United States, without having made the declaration required in the first condition of section 2165"; that is to say, without having declared on oath, before one of the courts designated in that section, "two years, at least, prior to his admission, that it is bona-fide his intention to become a citizen of the United States," etc.; "but such alien shall make the declaration required therein, at the time of his admission; and shall further declare, on oath, and prove to the satisfaction of the court, that, for two years next preceding, it has been his bona-fide intention to become a citizen of the United States." For more than 20 years preceding the passage of the statute from which section 2167 of the Revised Statutes is derived, the law had imposed upon any alien, as a condition precedent to the acquisition of citizenship, the requirement that, two years, at least, prior to his admission, his intention to become a citizen should have been declared under oath, before a court of record; and this preliminary proceeding was evidently regarded by congress, and therefore must be viewed by the courts, as of substantial importance. Section 2167 does not

dispense with it in the class of cases to which that section relates; for, even as to them, it provides that the same declaration must be made at the time of admission, and it must be made under oath (U. S. v. Walsh [C. C.] 22 Fed. 646); and the act of February 1, 1876, which sanctions the making of the declaration required by section 2165 before the clerk, as well as before the court itself, plainly exhibits the continuing legislative design that it shall be solemnly made, and become matter of record. But section 2167 also requires that every such applicant thereunder "shall further declare on oath, and prove to the satisfaction of the court, that for two years next preceding, it has been his bona fide intention to become a citizen of the United States"; in other words, that he shall establish the existence of the requisite intention, as in the case of other aliens, for at least two years prior to his admission to citizenship, but may do this by any relevant and competent evidence which shall "prove to the satisfaction of the court" the truth of his own deposition. Under section 2165 the essential fact of declaration is always decisively shown by production of the record, or by due certification thereof; and the solicitude of congress to preclude the too-ready acceptance of less conclusive testimony under section 2167 is evinced by its provision that the oath of the applicant himself, though required, must be supplemented by proof which the court shall deem satisfactory. Not only the manifest spirit, but the express terms, of this section, call for the exercise of scrupulous care in this particular; and experience has convinced me that the vague oral statement of a single witness, which is commonly offered under section 2167, in substitution for the documentary evidence required by section 2165, cannot safely be relied upon where the applicant, though having arrived in this country more than 3 years before attaining the age of 21 years, has continued to reside here for several years after he might have applied to be made a citizen, without having taken any practical step to carry out his asserted intention. It is not necessary to refer with particularity to each of the cases mentioned at the head of this opinion. The observations which have been made are applicable to all of them, and therefore the prayer of the petition is in each instance denied.