## THEURKAUF *v.* IRELAND.

*(Circuit Court, D. California.* March 22, 1886.)

COURTS — JURISDICTION — STATE AND NATIONAL COURTS — CONSTRUCTION OF STATUTE.

A question involving the right to public land claimed by one of the parties to have been pre-empted by him under a statute of the United States, does not fall within the jurisdiction of the circuit court unless it actually involves the construction of a United States statute.

Motion to Remand.

*S. F. Geil, K. V. Morehouse,* and *J. P. Meux,* for plaintiff.

*N. A. Dorn* and *Thomas Renison,* for defendant.

SAWYER, J. On December 14, 1885, the last day for answering, a demurrer to the complaint was filed; one of the grounds being that the complaint does not state facts sufficient to constitute a cause of action. On December 21st, the demurrer was withdrawn by consent of parties, and defendant allowed 10 days' further time within which to answer to the merits. At the expiration of the 10 days allowed defendant procured another extension of time to answer, which carried it to January 10, 1886. On January 9, 1886, defendant answered, and immediately afterwards, on the same day, filed a petition for removal. Section 73, Code Civil Proc., provides that the superior courts "shall hold regular sessions, commencing on the first Mondays of January, April, July, and October," and it further provides that said courts "shall be *always open;*" "except on legal holidays and non-judicial days." The sessions thus provided have often been held, by this court, to be "terms" in this state, within the meaning of the removal act of 1875. *McNaughton* v. *Southern Pac. R. Co.,* 10 Sawy. 113; S. C. 19 Fed. Rep. 881. Thus, it will be seen that this case might have been, in fact, tried at the October session or term; and if it was not then tried, it was not the fault of the law, but the fault of the attorneys in dallying along by stipulations for further time. A new term commenced January 4th. The cause was at issue, ready for hearing on the general demurrer, and could then have been heard on December 14th, at the October term; as the court is *"always open;"* and a trial on general demurrer is a trial within the meaning of the act, as held by the supreme court in *Alley* v. *Nott,* 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495. But the demurrer was manifestly frivolous, and put in for delay. An answer might then have been filed, and the case would have been at issue on the facts.

The demurrer was withdrawn by consent, and defendant given 10 days' further time to answer. Had the answer, even then, been filed, it would have been at issue on the facts, and could have been tried during that term; but the time was again extended, and by such delays and extensions the case was carried over the term. The October

session was, clearly, the term at which it could be first tried, and the petition was filed too late. *Pullman Palace Car Co.* v. *Speck,* 113 U. S. 84; S. C. 5 Sup. Ct. Rep. 374; *Alley* v. *Nott,* 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495.

The plaintiff alleges that he is seized in fee. This is denied in the answer, and defendant alleges affirmatively that the land in question is public land, subject to pre-emption; and that he, being duly qualified, entered within plaintiff's inclosure, and performed the necessary acts to establish a valid pre-emption claim; that he claims a pre-emption right; and that plaintiff claims no right under the laws of the United States; and, upon this allegation of facts, he alleges his legal conclusion, that the cause arises under the laws of the United States, and that, upon that ground, this court has jurisdiction. But it does not appear that there is any disputed construction of any statute of the United States involved. It does not appear but that both parties agree upon the construction of the pre-emption laws. For all that appears from the facts alleged, the whole controversy may turn on the proof of the facts. There is nothing to show that any disputed question of construction will arise, and this must affirmatively be shown, in order to make it affirmatively appear that the court has jurisdiction. It might as well be claimed that it is a proper case for jurisdiction by alleging that the plaintiff claims title by virtue of a patent issued by the United States, without stating that there is any question arising upon a disputed construction of the patent, or any dispute as to its validity. The authorities are numerous to the effect that the record in this case does not affirmatively disclose a case over which the court has jurisdiction; and that it is insufficient to sustain a removal. *Trafton* v. *Nougues,* 4 Sawy. 178; *Gold Washing Co.* v. *Keyes,* 96 U. S. 199; *Hambleton* v. *Duham,* 10 Sawy. 490; S. C. 22 Fed. Rep. 465.

On both grounds the case must be remanded to the state court, and it is so ordered.