AUSTIN *v.* GAGAN *et al.*

*(Circuit Court, N. D. California.* August 5, 1889.)

1. REMOVAL OF CAUSES—CASE ARISING UNDER UNITED STATES STATUTE—PETITION.

In order to remove a cause from a state to a United States court, under the act of 1887, on the ground that it arises under a statute of the United States, the record must affirmatively show, from the facts alleged, that some disputed construction of the statute will arise for decision in the case.

2. SAME.

Where the contest is about the facts only, the law being undisputed, there can be no removal.

3. SAME—TIME OF APPLICATION—SUBSEQUENT EXTENSION OF TIME TO PLEAD.

The application for removal, under the act of 1887, must be made at or before the expiration of the time to answer, as prescribed by the statute or rules of court in force at the time of the service of the summons. Subsequent extensions of time to answer by special orders of the court, or by stipulations of the parties, cannot extend the time to apply for a removal under the statute.

4. SAME—TIME TO FILE BOND.

The bond required by the statute, as well as a petition, must be filed at or before the time for answering expires, to effect a removal.

5. SAME—FILING NUNC PRO TUNC.

The court cannot, by an order made after the time to answer has expired, directing the bond to be filed *nunc pro tunc* as of a day prior to such expiration of time, cut off the right of the plaintiff to remain in the state court, which has already become vested and fixed under the statute.

*(Syllabus by the Court.)*

On Motion to Remand.
*James G. Maguire,* for the motion.
*F. I. Wilson, contra.*
Before SAWYER, Circuit Judge.

SAWYER, J. One ground of the motion is, that the petition does not present a case, which appears from the facts stated, to arise under the laws of the United States. One party claims the land in dispute as a homestead, and the other that the land is mineral, and therefore, not subject to be entered as a homestead. But it does not appear from any facts stated, that there is any disputed construction of either statute under which the respective parties claim. For anything that appears, both parties may agree as to the construction of the statutes, and the whole case turn upon a question of fact, as to whether the land is mineral land or not, or whether either party has performed the acts conceded to necessary to give the right claimed. Indeed I infer from the facts stated in the petition, that the contest will really be upon the facts, and not the law. In my judgment the record does not present a case for removal under the decision in *Trafton* v. *Nougues,* 4 Sawy. 178, which was followed by Justice FIELD in *Gold-Washing Co.* v. *Keyes,* whose ruling was affirmed in 96 U. S. 199. See, also, *McFadden* v. *Robinson,* 10 Sawy. 398, 22 Fed. Rep. 10; *Hambleton* v. *Duham,* 10 Sawy. 489, 22 Fed. Rep. 465; and *Theurkauf* v. *Ireland,* 11 Sawy. 512, 27 Fed. Rep. 769,—to the same effect. Under any other rule the circuit court would

have jurisdiction—at least until the want of jurisdiction is disclosed at the trial—in every action of ejectment, where either party traces titles to a United States patent, no matter what the matters of contest may be, and thus nearly all the litigation respecting titles to lands lying west of the Alleghany mountains might be swept into the national courts.

The jurisdiction should affirmatively appear upon the record from the facts stated, and not from the mere statement of the conclusion of the petitioner. The petition is insufficient in this respect.

The summons was served on April 8, 1889, which required the parties to appear and answer in pursuance of the provisions of the statute of California, within 10 days after service of summons. The time for answering, then under the laws of California, expired on April 28th. The time for answering was extended from time to time by stipulation of parties till May 29th. On the latter day the defendants answered, and at the same time filed their petition for removal. This was not in time. The party must file his petition for removal "at the time, or any time before the defendant is required by the laws of the state, or the rules of the state court in which the suit is brought, to answer, or plead to the declaration or complaint of plaintiff,"—not at or before the expiration of the extended time within which parties may choose to stipulate for filing an answer, or demurrer. The statute means at any time before the defendant is required to answer by the laws of the state, when the time is specially regulated by the statutes, and by the general rules of practice governing the matter adopted by the courts, when the matter is thus regulated, instead of by specific statutes of the state,—not within the time provided by special orders extending the time, or application by or stipulations of the parties. As we said in *Dixon* v. *Telegraph Co.*, 38 Fed. Rep. 377, the prior act allowed the petition to be filed at any time during the term at which it might first be tried. But the supreme court, repeatedly, held, that the act meant the term at which it could be first at issue, and be ready for trial, provided the parties filed their pleadings at the time appointed by law, whether the court, or the parties were ready for trial or not. And it was also held that the extension of the time of joining issue by orders of the court, or a stipulation for time between the parties, could not extend the time for filing a petition for removal to the next term. *Car Co.* v. *Speck*, 113 U. S. 84, 5 Sup. Ct. Rep. 374; *Gregory* v. *Hartley*, 113 U. S. 746, 5 Sup. Ct. Rep. 743. And this has often been the ruling in this court as will be seen by consulting the reports of its decisions. Even the statute as thus construed was deemed by congress to be too liberal, and in 1887 the act was amended so as to require the petition to be filed at or before the time when the law or established rules of court required the defendant to plead. This law must be construed in the same way as the former, as to the matter of extending the time to plead by the court, or by stipulation of the parties. The party must make his election; and file his petition at, or before the time when his pleading is first due under the law, or rules as they exist when service of summons is made, or he waives his right to a removal. This must be the rule, or the parties by stipulation, or the court by special orders,

on their application, may extend the time to apply for a removal, indefinitely, and the policy of the law be thereby defeated. See, also, *Keeney* v. *Roberts*, and cases cited, 12 Sawy. 39, *post*, 629, and *Theurkauf* v. *Ireland*, 11 Sawy. 512, 27 Fed. Rep. 769.

The policy of the law, is to require parties to take the first opportunity to change the forum, and in default thereof the right is waived. Under the old law, the party was compelled to elect upon first appearing. The petition is too late and the case improperly removed on that ground also. The bond filed with the petition on the last day of the time to answer as extended by the stipulation, contained no amounts of money, an unfilled blank having been left, so that it did not appear for what money the obligors were bound. Afterwards, on June 27th, another bond was filed reciting the defect in the first bond filed and that this bond, which was in due form, was filed in place of the prior bond. The court made an order that it be filed *nunc pro tunc* as of May 27th. But clearly the court could not by this order, give the bond a retroactive effect, so as to cut off a right which had vested in the mean time. Now the first bond was effective, or it was not. If it was effective, there was no necessity for the second, and it was useless. If it was not effective, then the case was not removed by the filing of the petition or until after the filing of the new bond, and this was long after the expiration of the time prescribed by the statute, and the right of the plaintiff to remain and litigate his case in the state court, had become vested and fixed. It was not, thereafter, in the power of the court to divest it by this or any other order. The case was not in fact, or in law removed until after the time for removal had expired.

That the bond was necessary to effect a removal, seems clear. The statute provides for the filing of both a petition and bond containing certain prescribed conditions. The required petition and bond having been filed within the time prescribed, the statute proceeds: "It shall *then* be the duty of the court to accept the said petition and bond, and proceed no further in such suit,"—that is to say, after filing of the prescribed petition and bond, but not till "then." See Desty, Removal, 142. The filing of a bond is required by the same language as the filing of a petition, and it must receive the same construction with reference to the bond, as with reference to the petition.

The paper filed as a bond, was so radically defective, in matters of substance, that it was no bond at all. Consequently, no bond was filed till a month after the stipulated extension of time to answer had expired, and two months after the lapse of the statutory time. It was therefore without effect. In *Burdick* v. *Hale*, 7 Biss. 96, the bond, like that under consideration, had no sum specified—the place for the amount being left blank—and Circuit Judge GRESHAM, and I think rightly, held, the defect to be fatal, as the court was not authorized to dispense with any substantial condition to a removal required by the act. In *Torrey* v. *Locomotive Works*, 14 Blatchf. 269, Judge BLATCHFORD, now of the supreme court, made a similar ruling as to a less vital defect in the bond. A similar decision was made in *McMurdy* v. *In-*

*surance Co.*, 4 Wkly. Notes Cas. 18. Judge Coxe in the circuit court, N. D. New York, approved and followed these decisions with reference to a bond which made no provision for payment of costs. *Webber* v. *Bishop*, 13 Fed. Rep. 49. So Field in his treatise on Jurisdiction of the Federal Courts says: "If the bond is manifestly defective, as where no sum for the penalty is inserted, this would be ground for remanding the case to the state court from which it come." Section 190. See, also, section 178, p. 156. There are some decisions holding that slight defects may be cured, as in *Harris* v. *Railroad Co.*, 18 Fed. Rep. 833, and cases cited. But none of them are cases where substantially there was no bond at all, till long after the time for removal had expired. In my judgment the court cannot dispense with any substantial condition to a removal required by the statute, and cannot supply a substantial condition after the time for removal has expired, and the right of the other party has attached. For all of the various reasons indicated, a removal was not effected. The cause must, therefore, be remanded with costs, and it is so ordered.