## MURRAY *v.* BLUEBIRD MIN. Co., Limited.

*(Circuit Court, D. Montana. February 4, 1891.)*

JURISDICTION OF CIRCUIT COURT.

A case in which the disputed questions are either not vital, or questions of fact purely, or questions of mixed law and fact, which may be decided by a jury according to the evidence, under rulings and instructions of the court, not involving a decision of any controverted point as to the applicability or construction of any provision of the constitution or of any statute of the United States, does not come within the jurisdiction of a circuit court of the United States, by virtue of the clause of the statute giving jurisdiction of causes arising under the constitution or laws of the United States.

*(Syllabus by the Court.)*

In Equity.

*William Scallon,* (*Thomas M. Patterson* and *F. W. Cole,* of counsel,) for plaintiff.

*Dixon & Drennen, M. Kirkpatrick,* and *Forbis & Forbis,* for defendant.

HANFORD, J. By a demurrer to the complaint herein the defendant has challenged the jurisdiction of the court over the case, the sole question being whether the case is one arising under the constitution or laws of the United States. The object of the action is to try the title to certain mining property, and to recover possession of said property, to which the plaintiff claims to have derived title by a patent from the United States. The complaint charges that, while the plaintiff was owner and in lawful possession, the defendant wrongfully, by means of under-ground workings, did enter upon a certain vein of ore or mineral deposit, which is the property in controversy, and run thereon a drift or level, and extend cross-cuts, stopes, and raises, and to reach said vein did by cross-cuts penetrate the country rock from a shaft sunk from the surface within the boundaries of mining ground, to which the defendant has title from the United States by a patent, and that by so doing the defendant has dispossessed plaintiff of said vein, and of the space under-ground occupied by the several extensions, levels, cross-cuts, stopes, and raises referred to. The complaint also alleges that the defendant justifies the ouster by asserting that the said vein or mineral deposit is in fact the Bluebird vein or lode, which has its apex within the surface limits of the ground, to which it has acquired the title by a patent from the United States; that the same is a true vein or lode of rock in place, bearing precious metal; that it is situated and extends so as to be intersected by one of the end-lines of its property drawn downward vertically, and continued in its own direction; and that by its dip said vein or lode so departs from a true perpendicular course downward as to extend over a vertical line dividing the grounds of the defendant from the grounds of the plaintiff. The plaintiff denies that said vein or lode is the Bluebird vein, and, as the complaint shows, denies practically all the claims and pretensions of the defendant respecting all the rock, mineral, and ground above and beneath the surface outside of the ver-

v.45F.no.6—25

tical lines of the ground to which plaintiff has title. The plaintiff contends that a decision of this controversy necessarily involves the application and construction of certain acts of congress pursuant to which the patents to the respective parties were issued, and that, therefore, the case has arisen under the laws of the United States, and comes within the jurisdiction of this court. In support of the demurrer the defendant contends that the complaint fails to show affirmatively that there is any controversy as to the applicability or interpretation to be given to any statute, or that the case is hinged upon a distinct question of law. In the decisions that have been made, the rule by which this question of jurisdiction must be decided has been stated in different ways, but to the same effect, and harmoniously with the following quotation from the decision of the supreme court of the United States in the case of *Starin* v. *New York*, 115 U. S. 257, 6 Sup. Ct. Rep. 31:

"If, from the questions, it appears that some title, right, privilege, or immunity, on which the recovery depends, will be defeated by one construction of the constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the constitution or laws of the United States, within the meaning of that term as used in the act of 1875, otherwise not."

According to the rule thus stated it is simply necessary to ascertain whether it does by the complaint affirmatively and positively appear that any right, title, or interest of either party will be defeated by giving a construction to any statute different from what such party concedes to be the true construction. While it is undoubtedly true that in settling the issues, in ruling upon the admissibility of evidence, and in instructing the jury the court must be guided by the statutes of the United States to some extent, and the court must give effect to the true meaning of the words and phrases of the statutes,—that is, interpret them,—still I have not been able, with the utmost effort, to discover from the allegations of this complaint that any right, title, or interest will or can be defeated by a construction of the laws of the United States different from what both parties admit to be true and right. The points of difference as stated in the complaint are in every instance either apparently not vital to the case, or differences upon questions of fact purely, or, at most, differences upon questions of mixed law and fact, which may be decided by a jury from the evidence, in accordance with rulings and instructions of the court, not involving a decision upon any contested point. By the rule announced in the decision of the court of last resort above referred to, as well as the precedents found in the decisions of the circuit judge of the ninth judicial circuit, I am constrained to sustain the demurrer. *Trafton* v. *Nougues*, 4 Sawy. 178; *McFadden* v. *Robinson*, 22 Fed. Rep. 10; *Hambleton* v. *Duham*, Id. 465; *Theurkauf* v. *Ireland*, 27 Fed. Rep. 769, 11 Sawy. 512; *Austin* v. *Gagan*, 39 Fed. Rep. 626. See, also, *State* v. *Railway Co.*, 33 Fed. Rep. 394, in which Judge SHIRAS pointedly says:

"The jurisdiction of this court, either by original process or by removal, in the class of cases under consideration, depends solely upon the fact that the controversy between the parties requires, for its final determination, the con-

struction of some provision of the constitution, laws, or treaties of the United States, and the application thereof to the facts of the particular case, in such sense that the ruling thus made will materially affect the conclusion reached upon the controversy between the adversary parties to the litigation. Unless from the record it clearly appears that the federal question must be met and decided before the issue or issues in the particular cause can be finally disposed of, it cannot be said that the matter in dispute arises under the constitution or laws of the United States, within the meaning of the statute."

A decision by Justice BREWER in the case of *Cheesman v. Shreve*, 37 Fed. Rep. 36, in a case very similar to the one at bar, has been cited as an authority supporting the opposite contention. From the brief report of the facts considered by the court in that case I am not able to say whether it conflicts with the oft-repeated decisions of Judge SAWYER or not; but, even if it does, I should feel bound to give greater weight to the decisions of the judge, who, if now present, would be entitled to preside, and according to whose opinion the judgment herein would be entered, even if I should hold to the contrary.

Let a judgment be entered herein sustaining the demurrer, and dismissing the case for want of jurisdiction.