## MYRTLE v. NEVADA, C. & O. RY. CO.

### (Circuit Court, D. Nevada. April 22, 1905.)

### No. 800.

**1. REMOVAL OF CAUSES—TIME FOR REMOVAL—AMENDMENT OF COMPLAINT.**

The law is well settled that an amendment to a complaint in the state court which transforms a nonremovable case into a removable one gives the defendant the right to remove if he acts promptly.

**2. SAME—FEDERAL QUESTION.**

A federal question which will confer jurisdiction on a United States court either by original process or by removal must be a question of law as stated by the plaintiff in his complaint, and, when a legal question arising under the Constitution or a law or treaty of the United States has been decided by the Supreme Court, it ceases to be a federal question for removal purposes. Where the facts only are in dispute, the federal court cannot take jurisdiction.

[Ed. Note.—Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore Purch. Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

**3. SAME.**

An action in a state court to recover for personal injuries alleged to have been received by reason of the failure of defendant railroad company to properly equip its cars with safety appliances is not removable merely because of an allegation in the complaint that defendant is engaged in interstate commerce, where it does not appear that there is any controversy as to the construction or effect of the federal law relating to railroads engaged in such commerce, since the questions of fact whether defendant is engaged in interstate commerce, and, if so, whether it has complied with the law, are not federal questions.

On Motion to Remand to State Court.

Curler & King, for plaintiff.
Dodge & Parker and Cheney & Massey, for defendant.

HAWLEY, District Judge (orally). This action was commenced in the state court to recover damages against the defendant for injuries alleged to have been received by plaintiff by the negligence, carelessness, and failure of defendant to provide suitable couplings on its cars.

137 F.—13

The motion to remand is based upon several grounds: (1) The action is not subject to removal under the statutes of the United States; (2) it was not removed within the time required by the statutes of the United States; (3) the petition upon which said order of removal was made does not state any legal grounds authorizing the removal; (4) the suit is not of a civil nature, in law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the statutes of the United States applicable thereto.

The facts shown by the record and petition for removal may be briefly stated as follows: The original complaint was filed in the state court November 7, 1904. Thereafter a demurrer was interposed to said complaint, and was overruled on December 16, 1904, and the defendant given until December 29th to answer. On December 27th the defendant filed its answer. On February 11, 1905, the plaintiff, having previously obtained leave so to do, filed an amendment to his complaint. On February 13th the defendant demurred to the amended complaint upon the ground that said amended complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained, and the plaintiff given leave to file an amended complaint. This amendment contained an averment as follows:

"That the said defendant now is, and at all the times and dates hereinafter mentioned was, the owner and operator of a line of railroad extending from the city of Reno, in the county of Washoe, state of Nevada, northerly through said county of Washoe to a station called Madeline, in Lassen county, state of California, and a common carrier engaged in interstate commerce, and, as such common carrier, was at all the times and dates hereinafter mentioned hauling passengers and freight from Reno, Washoe county, state of Nevada, to the station called Madeline, in the state of California, and at various points along the line of said railroad between the said city of Reno, Nev., and the said station of Madeline, Cal., and doing a regular interstate commerce business."

On February 21, 1905, the defendant petitioned the state court for, and obtained, an order of removal from said court to the Circuit Court of the United States. In this petition it is alleged that the amended complaint involves the question of the liability of petitioner, under the provisions of the Constitution of the United States, and the act of Congress entitled "An act to promote the safety of employés and travelers upon railroads by compelling common carriers engaged in interstate commerce to equip their cars with automatic couplers," etc., approved March 2, 1893 (27 Stat. 531, c. 196 [U. S. Comp. St. 1901, p. 3174]), and the acts amendatory thereof.

"Your petitioner further shows that the original complaint, filed herein on the 7th day of November, 1904, did not involve any questions of liability of your petitioner under the provisions of the Constitution above cited, or under the provisions of that certain act of Congress above specified, and was not a suit arising under the Constitution and laws of the United States, and that for the first time said questions under the provisions of the Constitution of the United States and said act were involved and presented by the filing of said amended complaint of said plaintiff on the said 20th day of February, 1905."

The petition for removal shows that the plaintiff and defendant were at the time of the commencement of this action, and still are, citizens and residents of the state of Nevada. The contention of counsel for petitioner is that its answer theretofore filed did not prevent it from removing the cause as soon as it appeared that a federal question was involved.

The law is now well settled that an amendment to a complaint in the state court, which transforms a nonremovable case into a removable one, allows the suit to be removed into the Circuit Court, if the defendant acts promptly. This matter is elaborately discussed by the Supreme Court in Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 100, 18 Sup. Ct. 264, 42 L. Ed. 673. Among other things, the court said:

"The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought."

See, also, Speckart v. German National Bank (C. C.) 85 Fed. 12, 14; Bailey v. Mosher (C. C.) 95 Fed. 223, 225; Guarantee Co. v. Hanway, 104 Fed. 369, 374, 44 C. C. A. 312; Moon on Removal of Causes, § 157, and authorities there cited. The petition for removal was filed in time if the amended complaint presents such a federal question as to authorize a removal under the act of 1887–88.

Does the mere fact that the plaintiff for the first time in his amended complaint asserts that the defendant, in running its cars at the time of the injury, was engaged in interstate commerce, justify the removal of the action from the state court? To entitle the defendant to removal, it must show that the action arises under the act of Congress; that the plaintiff claims a legal right thereunder, which legal right is controverted by the defendant. The controversy must be one as to the construction of the statute, as distinguished from the questions of fact. It does not appear in the present case that there is any controversy between the parties as to the construction of the law. That question has been settled by the decision of the Supreme Court in Johnson v. Southern Pacific Railroad, 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. ——. Is there any federal question involved in this case?

A federal question which will confer jurisdiction upon a United States court, either by original process or by removal, must be a question of law as stated by the plaintiff in his complaint, and not a question of fact. Where the facts only are in dispute, and the federal law governing the case is uncontroverted, the United States court cannot take jurisdiction. When a legal question arising under the Constitution or a law or a treaty of the United States is decided by the Supreme Court, it ceases to be a federal question. State v. Bradley (C. C.) 26 Fed. 289; Austin v. Gagan (C. C.) 39

Fed. 626, 5 L. R. A. 476; Montana Ore P. Co. v. Boston Co., 85 Fed. 867, 29 C. C. A. 462; California Oil & G. Co. v. Miller (C. C.) 96 Fed. 12; Peabody G. M. Co. v. Gold Hill M. Co. (C. C.) 97 Fed. 657, 660. The question of fact as to whether the defendant was engaged in interstate commerce, and whether, if so engaged, its cars were coupled as provided for in said act, can be tried and determined in the state court as well as here. In Railroad v. Bell, 176 U. S. 321, 328, 20 Sup. Ct. 399, 44 L. Ed. 486, the suit was brought in the Circuit Court of the United States. It was claimed that a federal question was involved, under a declaration of the plaintiffs that they "claim title to the said land under and by virtue of a patent granted by the government of the United States of America to the said Louis Bell and his heirs, upon a pre-emption claim for said land under the laws of the United States, originally commenced and filed in the local land office of the United States of America at Gainesville, Fla., in 1883," etc. The court said:

"In view of the frequent and recent decisions of this court on this subject, it is not necessary to argue the proposition that the mere assertion of a title to land derived to the plaintiffs, under and by virtue of a patent granted by the United States, presents no question which of itself confers jurisdiction on a Circuit Court of the United States."

And, because the plaintiffs' declaration disclosed no federal question, the suit was dismissed for want of jurisdiction.

The cause of action as presented in plaintiff's amended complaint is not one necessarily arising under the Constitution and laws of the United States, within the meaning of the provisions of the judiciary act of 1887–88. In Shoshone M. Co. v. Rutter, 177 U. S. 505, 507, 20 Sup. Ct. 726, 44 L. Ed. 864, in the course of the opinion, Mr. Justice Brewer said:

"We pointed out in the former opinion (Blackburn v. Portland G. M. Co., 175 U. S. 571, 576 [20 Sup. Ct. 222, 44 L. Ed. 276]) that it was well settled that a suit to enforce a right which takes its origin in the laws of the United States is not necessarily one arising under the Constitution or laws of the United States, within the meaning of the jurisdiction clauses, for, if it did, every action to establish title to real estate (at least in the newer states) would be such a one, as all titles in those states come from the United States, or by virtue of its laws. As said by Mr. Chief Justice Waite, in Gold Washing & Water Co. v. Keyes, 96 U. S. 199, 203 [24 L. Ed. 656]: 'The suit must, in part at least, arise out of a controversy between the parties in regard to the operation and effect of the Constitution or laws upon the facts involved. * * * Before, therefore, a Circuit Court can be required to retain a cause under this jurisdiction, it must in some form appear upon the record, by a statement of facts, in legal and logical form, such as is required in good pleading, that the suit is one which "really and substantially involves a dispute or controversy" as to a right which depends upon the construction or effect of the Constitution or some law or treaty of the United States.'"

See, also, Gibbs v. Crandall, 120 U. S. 105, 7 Sup. Ct. 497, 30 L. Ed. 590; New Orleans v. Benjamin, 153 U. S. 411, 424, 14 Sup. Ct. 905, 38 L. Ed. 764; Western Union T. Co. v. Ann Arbor R. Co., 178 U. S. 239, 244, 20 Sup. Ct. 867, 44 L. Ed. 1052; Defiance Water Co. v. Defiance, 191 U. S. 184, 191, 24 Sup. Ct. 63, 48 L. Ed. 140; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870.

The motion to remand is granted.