NELSON v. SOUTHERN RY. CO.

GASTON v. SAME.

(Circuit Court, N. D. Georgia. June 21, 1909.)

REMOVAL OF CAUSES (§ 19*)—FEDERAL QUESTION—ACTION BASED ON FEDERAL STATUTE.

An action against a railroad company for an injury to an employé, brought under and in reliance upon the employer's liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65), where the declaration contains no statement or suggestion that the result of the suit will depend upon the construction of the act, is not removable on the ground that it is one arising under a law of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 37; Dec. Dig. § 19.*]

On Motion to Remand to State Court.

Arnold & Arnold, for plaintiff.

J. J. Strickland and McDaniel, Alston & Black, for defendant.

NEWMAN, District Judge. In this case, counsel, by permission of the court, have reargued the question considered and determined in the case of Albert Miller v. Illinois Central Railroad Company, 168 Fed. 982; the question being whether a suit, brought in a state court, under the recent employer's liability act of Congress (Act April 22, 1908, c. 149, 35 Stat. 65), which is not removable because of the citizenship or residence of the parties, is removable under the acts of Congress of 1887–88 (Act March 3, 1887, c. 373, § 2, 24 Stat. 553 as amended by Act August 13, 1888, c. 866, § 2, 25 Stat. 434 [U. S. Comp. St. 1901, p. 509]) providing:

"Any suit of a civil nature at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States, are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district."

The question is, where a suit is brought by an administrator under the employer's liability act, relying on the act in the declaration, and the declaration containing no statement, or any suggestion even, that the result of the suit will depend upon the construction of the act of Congress, whether or not such cause is removable upon the ground that it arose under a law of the United States.

In the Miller Case, decided a few weeks ago in this court, the same question was presented, and it was held that the case was not removable. In view of the importance of the question and the earnestness of counsel in presenting their views in the present case, I have given the question a thorough re-examination, and will again state my views with some additional authorities.

As I gather the law from the decisions of the courts, and especially from the decisions of the Supreme Court, the fact that a suit is brought

on a law of Congress, and that its application may be necessary in the progress of the case, does not justify removal under section 2 of the act of 1887–88, unless the construction of the act be involved, and unless the final determination of the case depends upon such construction. In Rose's Code of Federal Procedure, vol. 1, § 133, what the author considers the correct rule is briefly stated in these words:

"A suit is not removable simply because an act of Congress is to be construed or applied. There must be a dispute as to the construction of the act."

I have referred to some of the authorities on this question which show fully and clearly to my mind that the courts have determined against the right of removal in a case like this. In Fitzgerald v. Missouri Pacific Ry. Co. (C. C.) 45 Fed. 812, in the opinion on page 819, Circuit Judge Caldwell presented the question as follows:

"But this is not enough. The answer or petition for removal would have to go further, and show that the construction of the act of Congress relating to the mode of procuring the right of way was in dispute between the parties, and this must be done by stating facts that prove it. A simple averment that the fact is so is stating a conclusion, and is not enough. Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656. If there is no dispute between the parties as to the meaning of an act of Congress, there is no federal controversy between them, and no cause for removal. The Supreme Court has settled the rule on this subject. The court, speaking through Chief Justice Waite, says: 'A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the Constitution or laws of the United States. The decision of the case must depend upon that construction. The suit must, in part, at least, arise out of a controversy between the parties in regard to the operation and effect of the Constitution or laws upon the facts involved.' Water Company v. Keyes, supra. The facts in that case and Mr. Justice Bradley's dissent show the question was fully considered, and that the opinion expressed the deliberate and well-considered judgment of the court on this point. The Circuit Court cases are to the same effect. Trafton v. Nougues, 4 Sawy. 178, Fed. Cas. No. 14,134; Austin v. Gagan, 39 Fed. 626, 5 L. R. A. 476; State v. Railroad Co., 33 Fed. 391; Rothschild v. Matthews (C. C.) 22 Fed. 6."

In the case cited by Judge Caldwell of Trafton v. Nougues, Fed. Cas. No. 14, 134 (vol. 24), Circuit Judge Sawyer says:

"Only suits involving rights depending upon a disputed construction of the Constitution and laws of the United States can be transferred from the state to the national courts, under the clause 'arising under the Constitution and laws of the United States,' of section 2 of the 'act to determine the jurisdiction of the United States courts,' passed March 3, 1875."

In Theurkauf v. Ireland (C. C.) 27 Fed. 769, which is a case concerning the pre-emption of public lands under the statute of the United States, Judge Sawyer says in the opinion:

"But it does not appear that there is any disputed construction of any statute of the United States involved. It does not appear but that both parties agree upon the construction of the pre-emption laws. For all that appears from the facts alleged, the whole controversy may turn on the proof of the facts. There is nothing to show that any disputed question of construction will arise, and this must affirmatively be shown, in order to make it affirmatively appear that the court has jurisdiction. It might as well be claimed that it is a proper cause for jurisdiction by alleging that the plaintiff claims title by virtue of a patent issued by the United States, without stating that there is any question arising upon a disputed construction of the patent, or any dispute as to its validity. The authorities are numerous to the effect

that the record in this case does not affirmatively disclose a case over which the court has jurisdiction, and that it is insufficient to sustain its removal."

So, in the case now before the court. For all that appears here, there may be no difference whatever between the parties as to the proper construction of this act of Congress. So far as can be seen from an examination of the declaration, the case is one where its determination will depend upon the application of the facts to the law. There is not a suggestion in the declaration that there will be any difference between the parties as to the proper interpretation of the act in any of its phases. The whole question seems to be: Has the plaintiff stated, and can he prove, a cause of action coming up to the requirements of this act of Congress, and entitling him to recover under it?

In State of Iowa v. Chicago, M. & St. P. Ry. Co. (C. C.) 33 Fed. 391, Judge Shiras states the correct rule on this question as follows:

"The motion to remand presents the question whether it is a removable case, and as the state is a party, and jurisdiction in the federal court cannot be had by reason of diverse citizenship, it follows that to sustain the jurisdiction it must appear that the case is of a civil nature, wherein the matter in dispute exceeds $2,000 in value, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. In determining when the Supreme Court has jurisdiction to review the decisions of the highest tribunal of a state, on the ground that it involved the construction of the Constitution, laws, or treaties of the United States, the Supreme Court has uniformly held that it must clearly appear from the record that the question arising under the federal Constitution, laws, or treaties was in fact passed upon or necessarily involved in the conclusion reached. In Crowell v. Randell, 10 Pet. 368, 9 L. Ed. 458, it was said that it was 'not sufficient to show that a question might have arisen or been applicable to the case, unless it is further shown, on the record, that it did arise, and was applied by the state court to the case.' In Bridge Proprietor v. Hoboken Company, 1 Wall. 116, 17 L. Ed. 571, the rule is stated to be that: 'The court must be able to see clearly, from the whole record, that a certain provision of the Constitution or act of Congress was relied on by the party who brings the writ of error, and that the right thus claimed by him was denied.' In Brown v. Colorado, 106 U. S. 95, 1 Sup. Ct. 175, 27 L. Ed. 132, it is said: 'Certainly, if the judgments of the courts of the states are to be reviewed here for decisions upon such questions, it should be only when it appears unmistakably that the court either knew or ought to have known that such a question was involved in the decision to be made.' It certainly will not be claimed as to the jurisdiction of the Circuit Court.

"When it is sought to deprive a state court of the right to hear and determine a cause properly and rightfully brought therein, by removing the same to the federal court, on the ground that the controversy involves in its determination a question arising under the Constitution, laws, or treaties of the United States, it must be made to appear, clearly and unmistakably from the record, that the cause or controversy necessarily, in its determination, involves the consideration and determination of such federal question. It is not sufficient for it to appear that such federal question may possibly arise. Jurisdiction to 'wrest' the case, if I may use that term, from the state court, cannot exist unless a federal question is certainly involved. If the record simply shows that possibly, during the trial, some federal question may be presented, that will not confer the jurisdiction and entitle the defendant to the right of removal. If it were otherwise, and upon the showing that a federal question might arise, the case could be brought into the Circuit Court of the United States. The jurisdiction would then exist, not of the federal question, but of the case; and yet, upon the trial, the decision might be rested upon questions of fact or law not arising under the federal Constitution or

laws, and thus the state court would have been deprived of its jurisdiction wrongfully.

"The jurisdiction of this court either by original process, or by removal in the class of cases under consideration, depends solely upon the fact that the controversy between the parties requires, for its final determination, the construction of some provision of the Constitution, laws, or treaties of the United States, and the application thereof to the facts of the particular case, in such sense that the ruling thus made will materially affect the conclusion reached upon the controversy between the adversary parties to the litigation. Unless from the record it clearly appears that the federal question must be met and decided, before the issue in the particular case can be finally disposed of, it cannot be said that the matter in dispute arises under the Constitution or laws of the United States, within the meaning of the statute. In each case, no removal can be had, and the cause must be heard and decided in the state court. If, during the trial, in fact a federal question does arise, and is decided adversely to the party claiming the protection of the federal Constitution or law, the party aggrieved can, by proper proceedings, carry the question from the court of final resort in the state to the Supreme Court of the United States."

In Austin v. Gagan, 39 Fed. 626, 5 L. R. A. 476, Circuit Judge Sawyer states his views in the present question in this way:

"One ground of the motion is that the petition does not present a case, which appears from the facts stated, to arise under the laws of the United States. One party claims the land in dispute as a homestead, and the other that the land is mineral, and therefore not subject to be entered as a homestead; but it does not appear from any facts stated that there is any disputed construction of either statute under which the respective parties claim. For anything that appears, both parties may agree as to the construction of the statutes, and the whole case turns upon a question of fact, as to whether the land is mineral land or not, or whether either party has performed the acts conceded to be necessary to give the right claimed. Indeed, I infer from the facts stated in the petition that the contest will really be upon the facts, and not the law. In my judgment the record does not present a case for removal under the decisions," etc.

In California Oil & Gas Co. v. Miller, 96 Fed. 12, Judge Wellborn, in the Circuit Court for the Southern District of California, says in the opinion:

"Where there is no dispute between the parties as to the meaning of any federal law, but the case involves issues of fact solely—as, for instance, which of two mining locations was first made, or whether or not the boundaries of either were marked upon the ground, or whether or not assessment work has been performed—the case is not one arising under the Constitution or a law or treaty of the United States, although the respective interests or titles of the parties may be derived through such Constitution, law, or treaty."

Further along in the opinion this expression is used:

"Before inquiring whether or not the two essentials above named to a federal question, namely, a dispute as to the meaning of a federal law and its materiality to a determination of the cause, are found in the present case," etc.

And still further:

"The possibility, or even probability, that a federal question may arise during the progress of the cause, will not support original jurisdiction in the Circuit Court; but the plaintiff's statement of his own claim must show that such a question is necessarily involved, and must be determined," etc.

The first headnote of this case states the substance of the decision on this question in this way:

172 F.—31

"Two things are necessary to the existence of a federal question which will confer jurisdiction on a Circuit Court of the United States: First, an actual dispute between the parties as to the meaning of some constitutional provision or law of the United States; and, second, materiality of the construction of such provision or law to a determination of the cause. And it is now well settled that these matters must appear from the plaintiff's statement of his own claim in the form required by good pleading."

In Gold-Washing & Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656, in the opinion of Chief Justice Waite, the Chief Justice says:

"A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the Constitution or laws of the United States. The decision of the case must depend upon that construction."

The dissenting opinion of Mr. Justice Bradley really emphasizes the effect of the opinion of the court, since his dissenting opinion says, "This question depends upon the construction of the title given by the United States," and therefore he considered the case removable.

Myrtle v. Nevada, C. & O. Ry. Co. (C. C.) 137 Fed. 193, was a suit for injuries to the plaintiff by the negligence and carelessness of the defendant, and its failure to provide suitable couplings on its cars. An amendment was filed to the complaint setting out the fact that the defendant was engaged in interstate commerce, and thereupon petition for removal was filed on the ground that the liability of the defendant, if any existed, was under the provisions of the Constitution of the United States, and an act of Congress entitled "An act to promote the safety of employés and travelers upon railroads by compelling common carriers engaged in interstate commerce to equip their cars with automatic couplers" (Act Cong. March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]), and acts amendatory thereof. The petition for removal showed that both the plaintiff and defendant were citizens of the state of Nevada. Judge Hawley, in delivering the opinion, after stating the facts as just outlined, says:

"The law is now well settled that an amendment to a complaint in a state court, which transforms a nonremovable case into a removable one, allows the suit to be removed into the Circuit Court if the defendant acts promptly"—citing Powers v. Chesapeake & Ohio Railway, 169 U. S. 92, 100, 18 Sup. Ct. 264, 42 L. Ed. 673.

He then says that the petition for removal was filed in time if the amended complaint presents such a federal question as to authorize a removal under the act of 1887–1888, and proceeds:

"Does the mere fact that the plaintiff for the first time.in his amended complaint asserts that the defendant, in running its cars at the time of the injury, was engaged in interstate commerce, justify the removal of the action from the state court? To entitle the defendant to removal, it must be shown that the action arises under the act of Congress; that the plaintiff claims a legal right thereunder, which legal right is controverted by the defendant. The controversy must be one as to the construction of the statute, as distinguished from the question of fact. It does not appear in the present case that there is any controversy between the parties as to the construction of the law. That question has been settled by the decision of the Supreme Court in Johnson v. Southern Pacific Railroad, 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363.

"Is there any federal question involved in this case? A federal question which will confer jurisdiction upon a United States court, either by original process or by removal, must be a question of law as stated by the plaintiff in his complaint, and not a question of fact. Where the facts only are in dispute, the United States court cannot take jurisdiction. When a legal question arising under the Constitution or a law or a treaty of the United States is decided by the Supreme Court, it ceases to be a federal question. State v. Bradley (C. C.) 26 Fed. 289; Austin v. Gagan (C. C.) 39 Fed. 626, 5 L. R. A. 476; Montana Ore P. Co. v. Boston Co., 85 Fed. 867, 26 C. C. A. 462; California Oil & G. Co. v. Miller (C. C.) 96 Fed. 12; Peabody G. M. Co. v. Gold Hill M. Co. (C. C.) 97 Fed. 657. 660. The question of fact as to whether the defendant was engaged in interstate commerce, and whether, if so engaged, its cars were coupled as provided for in said act, can be tried and determined in the state court, as well as here. In Railroad v. Bell, 176 U. S. 321, 20 Sup. Ct. 399. 44 L. Ed. 486, the suit was brought in the Circuit Court of the United States. It was claimed that a federal question was involved, under a declaration of the plaintiff that they claimed title to the said land under and by virtue of a patent granted by the government of the United States of America to the said Louis Bell and his heirs, upon a pre-emption claim for said land under the laws of the United States, originally commenced and filed in the local land office of the United States of America at Gainesville, Fla., etc. The court said: 'In view of the frequent and recent decisions of this court on this subject, it is not necessary to argue the proposition that the mere assertion of a title to land derived to the plaintiffs, under and by virtue of a patent granted by the United States, presents no question which of itself confers jurisdiction on a Circuit Court of the United States.' And, because the plaintiffs' declaration disclosed no federal question, the suit was dismissed for want of jurisdiction."

Judge Hawley then cites the opinion of Mr. Justice Brewer, in Shoshone M. Co. v. Rutter, 177 U. S. 505, 507, 20 Sup. Ct. 726, 44 L. Ed. 864, as follows:

"We pointed out in a former opinion that it was well settled that suit to enforce a right which takes its origin in the laws of the United States is not necessarily one arising under the Constitution or laws of the United States, within the meaning of the jurisdiction clause."

Further on in the opinion in the Shoshone Case, in addition to the language quoted by Judge Hawley, Mr. Justice Brewer says:

"So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States, that the federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the federal courts."

The former case referred to in the Shoshone Case was Blackburn v. Portland Gold Mining Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276. Mr. Justice Shiras, in closing the opinion, says:

"Without undertaking to say that no cases can arise under this legislation which turn upon a disputed construction, and therefore presenting a question essentially federal in its nature, we hold that clearly, where a patent is authorized to be issued to the party in possession, the statutes refer the contest to the ordinary tribunals, which are to determine the rights of the parties without any controversy as to the construction of those acts, but are to be guided by the laws, regulations, and customs in the mining districts in which the lands are situated. In a case therefore like the present, where the federal jurisdiction does not arise because the parties are citizens of different states, and where no question is made as to the meaning and construction of the statutes of the United States, the state courts are to be regarded, within the letter and meaning of section 2326, Rev. St. (U. S. Comp. St. 1901, p. 1430), as courts of 'competent jurisdiction to determine the right of possession.'"

Western Union Telegraph Co. **v.** Ann Arbor Railroad Co., 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052, was a suit in equity by the Western Union Telegraph Company in which Act Cong. July 24, 1866, c. 330, 14 Stat. 221, was invoked on behalf of the jurisdiction, and the opinion of Chief Justice Fuller, after stating that the telegraph company had no rights in the connection in which they sought to establish them, under the act of Congress, states the law pertinent to this case as follows:

"When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws; and it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained on this ground"—citing *Gold-Washing & Water Co. v. Keyes,* 96 U. S. 199, 24 L. Ed. 656; Blackburn v. Portland Gold Mining Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276.

In Devine v. Los Angeles, 202 U. S. 313, 332, 26 Sup. Ct. 652, 50 L. Ed. 1046, Chief Justice Fuller again states the recognized rule on the subject involved here in this language:

"There being no diversity of citizenship, the jurisdiction of the Circuit Court could only be maintained upon the ground that the suit arose under the Constitution or laws or treaties of the United States, and a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends; and this must appear from the plaintiff's statement of his own claim, and cannot be aided by allegations as to the defense which might be interposed."

Some of the authorities cited above were referred to in the case of Miller v. Illinois Central Railroad Company; but they are so clearly in point and plainly decisive of the question involved here that they may well be repeated.

In view of the foregoing authorities and those cited in Miller v. Illinois Central Railroad Company, I do not see how it can be said that this case is removable on the ground that it arises under the Constitution or laws of the United States. What I deduce from the authorities is this: To justify a removal, under the provisions of the act of March 1887–88, invoked here, the final determination of the case must depend upon the construction of the act of Congress—here the employer's liability act of 1908. It is not sufficient that the inquiry will be, as the trial progresses, do the facts measure up to this law of Congress? nor that, in the trial of the case, the application of the law to the facts will be often necessary; but it must appear that the final decision of the case will be controlled by the construction of the act. The meaning of the law must be in question, and not merely the sufficiency of the facts.

The contention of learned counsel seems to be that, because it is a case in which the right to recover is based on an act of Congress, therefore the construction of the act is necessarily involved. As stated by Mr. Justice Brewer in Shoshone M. Co. v. Rutter:

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily one arising under the Constitution or laws of the United States, within the meaning of the jurisdiction clauses."

A suit, as has been pointed out, may well be based on a law without involving, in any way, the construction of the law. This may be, and, so far as the declaration shows, is, such a suit.

If, in the course of the trial in the state court, the defendant claims any right, privilege, or immunity under this act, and the same is denied, it may have the adverse decision reviewed by the Supreme Court of the United States on a writ of error to the highest court of the state.

In a recent work, entitled "The Employers' Liability and Safety Appliance Acts," by W. W. Thornton, the author says:

"If an action be brought under the statute, by an employé, in a state court, there is no serious doubt about its removal into a federal court. The liability is one given by a federal statute, and the defendant has the right to insist that that liability be determined by the courts of the nation that created it."

With all due respect to the author, this would seem to be directly opposed to the views of the Supreme Court of the United States in many cases, to a number of which I have referred above. It seems to be in direct opposition to the language of Mr. Justice Brewer in Shoshone M. Co. v. Rutter, which I have just quoted.

The colloquy between Senators Clay, Hepburn, and Culberson, referred to in a footnote by Mr. Thornton, although the opinions expressed came from so eminent a source, cannot be properly considered in construing this statute.

In United States v. Freight Association, 166 U. S. 290–318, 17 Sup. Ct. 540, 550, 41 L. Ed. 1007, in the opinion of Mr. Justice Peckham, it is said:

"There is, too, a general acquiescence in the doctrine that the debates in Congress are not appropriate sources of information from which to discover the meaning of the language of a statute passed by that body. United States v. Union Pacific Railroad Company, 91 U. S. 72, 79, 23 L. Ed. 224; Aldridge v. Williams, 3 How. 9, 24, 11 L. Ed. 469 (Taney, Chief Justice); Mitchell v. Great Works Milling & Manufacturing Company, 2 Story, 648, 653, Fed. Cas. No. 9,662; Queen v. Hertford College, 3 Q. B. D. 693, 707. The reason is that it is impossible to determine with certainty what construction was put upon an act by the members of a legislative body that passed it by resorting to the speeches of individual members thereof. Those who did not speak may not agree with those who did, and those who spoke might differ from each other; the result being that the only proper way to construe a legislative act is from the language used in the act, and, upon occasion, by a resort to the history of the times when it was passed."

In the fourth edition of Foster's Federal Practice, just issued, the author states the law on the subject under discussion here, gathered from the authorities (volume 1, § 17), as follows:

"A suit arises under the Constitution or a law of the United States whenever its correct decision depends on the construction of either. It has been said: 'That a suit cannot be removed, from a state court to a federal court, simply because, in its progress, a construction of the Constitution or a law of the United States may be necessary, unless it, in part at least, arises out of a controversy in regard to the operation and effect of some provision in that Constitution or law upon the facts involved. In order to remove a cause, on the ground that it arises under a statute of the United States, the record

must affirmatively show, from the facts alleged, that some disputed construction of the statute will arise for decision. When the contest is about the facts only, there can be no removal. A cause removed to a federal court, on the ground that the suit arose under the Constitution or laws of the United States, will be remanded when the record fails to show that there will arise some contested point of law depending upon the Constitution or laws of the United States, what the question is, and how it will arise.' It has been said: That a cause is not removable simply because an act of Congress must be construed or applied; but that there must be a dispute as to the construction of the act, and facts to show the dispute must appear in the record."

I am compelled, after the most careful examination of and reflection upon this question, to adhere to the conclusion reached in Miller v. Illinois Central Railroad Company, and the result is that this case must be remanded to the state court from which it was removed.

What has been stated above applies also to the case of James C. Gaston v. Southern Railway Company, which was argued and submitted at the same time with the Nelson Case, and an order may be taken remanding that case also.