## McFADDEN and others *v.* ROBINSON and others.

*(Circuit Court, D. California. October 20, 1884.)*

REMOVAL OF CAUSE — CASE ARISING UNDER CONSTITUTION OR LAWS OF UNITED STATES.

    A case removed to a federal court, on the ground that the suit arose under the constitution or laws of the United States, will be remanded to the state court when the record fails to show that there will arise some contested point of law depending upon the constitution or laws of the United States, what the question is, and how it will arise.

Motion to Remand Cause.

*A. L. Rhodes,* for complainants.

*Wm. Matthews,* for defendants.

SAWYER, J. The suit is in equity, to quiet title to a tract of land which is covered by two patents, issued upon confirmations of two

Spanish grants; one for the Santa Ana rancho, and the other for the Las Bolsas rancho.

The petition for removal states as follows: That the action arises under the act of March 3, 1851, and under the treaty of Guadalupe Hidalgo; that the claim of plaintiff is based on a right and title which originated under Spain, while California was a province of Spain, and also upon an *expediente* made by the authorities of Mexico while California was a part of the domain of the republic of Mexico; that the grant was presented by Bernardo Yorba to the tribunals of the United States for confirmation, under the act of 1851; that the claim was subsequently confirmed, and a patent issued upon the confirmation, December 21, 1883; that the patent includes all the land in controversy; that the complainants have acquired, and they now hold, all the title to the land in controversy which passed by said Spanish and Mexican titles, and said patent, and that they now claim the same under said title and under no other title; that the defendants are owners in fee of the lands in controversy; that their rights arise under a title granted by Spain, and a further grant by Mexico, while California was still a part of the domain of those countries, respectively; that the title is other and different from that held by complainants; that the title was held in 1852 by Ramon Yorba *et al.*; that in that year it was presented to the board of land commissioners for confirmation, and was afterwards finally confirmed; that patents thereto were issued as follows: For one undivided half to Ramon Yorba *et al.*, on June 9, 1874, and the other half to Justo Murillo *et al.*, August 27, 1877; that defendants hold all the title passing by both these last-named patents, and they hold no other title; and that the matter in dispute depends upon, and will be determined by, the weight and force in law of the respective patents, and titles therefrom derived, held, as aforesaid, by complainants and defendants.

The case as stated in the petition for removal, in my judgment, does not appear to present any disputed question of law arising under the constitution or laws of the United States. So far as appears, neither party questions the right of the Spanish and Mexican governments to make either grant,—either the grant under which the complainants claim, or that under which the defendants claim. Neither party appears to question the right of the grantees of either grant to the protection accorded by the treaty. Both parties rely upon the binding and obligatory force and effect of the treaty. Neither party denies the validity of the act of March 8, 1851. Neither party denies to the other any right claimed under that act. Neither party gives a different construction to the act, or any of its provisions, from that claimed by the other. Neither party denies the validity of the proceedings of the other for a confirmation of the title under which they claim; nor the correctness of the survey; nor of the patent.

In respect to the above matters, there does not appear to be any

contested question of law arising under the constitution or laws of the United States in the case. The only question in the case seems to be this: Conceding that both parties had grants of tracts of land, that each grant was confirmed, that a patent issued for each rancho as confirmed, and that the tract in controversy in this case is covered by grants and patents, which party acquired the title to the tract in controversy? And that depends upon which in fact acquired the oldest effective grant. That question is to be determined by an examination of the proceedings of the Spanish and Mexican governments in making the inchoate grants to the respective parties, and upon the subsequent acts of the parties and Mexican government under the grants, and before the cession of California to the United States; or upon the facts and laws of Mexico in force in California before its acquisition by the United States. It should affirmatively appear that there will arise some contested point of law depending upon the constitution or laws of the United States, and what the question is. Nothing of the kind affirmatively appears in the petition or records. It appears to me that this case falls within the rule adopted in *Trafton* v. *Nougues*, 4 Sawy. 178, substantially affirmed by the United States supreme court in *Gold Washing Co.* v. *Keyes*, 96 U. S. 199, and within the case of *Romie* v. *Casanova*, 91 U. S. 379; also *McStay* v. *Friedman*, 92 U. S. 723, 724, and *San Francisco* v. *Scott*, 111 U. S. 768; S. C. 4 Sup. Ct. Rep. 688.

The cases cited by defendants do not appear to me to conflict with the doctrine of those cases. In *Hills* v. *Homton*, 4 Sawy. 198, the whole case turned upon a disputed construction of the two patents. There was clearly a contested question of law arising under the constitution and laws of the United States. The other cases do not appear to determine or discuss any question arising in this case. It is not enough that a question may possibly arise under the constitution and laws of the United States. It should be made to appear from the facts stated that such a question will arise, and what the question is, and how it will arise. Should one arise in the course of the trial in the state court material to the correct decision of the case, the ruling of the state court may still be reviewed by the United States supreme court on writ of error in favor of the party against whom the ruling is made.

Upon the views expressed, the case must be remanded to the state court; and it is so ordered.