### MILLER v. ILLINOIS CENT. R. CO.

(Circuit Court, N. D. Georgia.   April 10, 1909.)

**1. REMOVAL OF CAUSES (§ 25*)—ACTION ARISING UNDER FEDERAL STATUTE.**

In order to justify a removal of a cause from a state court to the Circuit Court of the United States on the ground that the suit is one arising under the Constitution, laws, or treaties of the United States as authorized by Act Cong. March 3, 1887, c. 373, § 1, 24 Stat. 552, as corrected by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), it must appear in plaintiff's statement of his own claim that the suit is one so arising, it being insufficient that such facts appear in the answer or petition to remove.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 25.*]

**2. REMOVAL OF CAUSES (§ 23*)—GROUNDS—FEDERAL CONSTITUTION, LAWS, OR TREATIES.**

A cause cannot be removed to a federal court, on the ground that it is one arising under the Constitution, laws, or treaties of the United States, merely because it may become necessary in the progress of the litigation to construe the Constitution or laws of the United States, but the cause must be one the decision of which depends on such construction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 54; Dec. Dig. § 23.*]

**3. REMOVAL OF CAUSES (§ 23*) — GROUNDS — CAUSE ARISING UNDER FEDERAL CONSTITUTION AND LAWS.**

Where an action for injuries to a servant of a railroad company was brought under the employer's liability act (Act Cong. April 22, 1908 [Act April 22, 1908, 35 Stat. 65, c. 149]), but it did not appear from plaintiff's declaration that the construction of the act was involved, but that the decision would depend on the law as applied to the facts, the cause was not removable as arising under the laws of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 54; Dec. Dig. § 23.*]

**4. COURTS (§ 394*)—FEDERAL COURTS—UNITED STATES SUPREME COURT—JURISDICTION.**

Where, in the course of a trial in a state court, it develops that the decision of a case depends on the construction of an act of Congress, and the decision is against some right or privilege set up and claimed by the defendant thereunder, the case may be reviewed by the Supreme Court of the United States on a writ of error to the highest state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1053; Dec. Dig. § 394.*

Jurisdiction of cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purch. Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

Burton Smith, for plaintiff.

Tye, Peeples & Jordan, for defendant.

NEWMAN, District Judge.   In the suit brought in the state court, which was removed into the Circuit Court by the defendant corporation, the petition or declaration is as follows:

"Georgia, Fulton County.

"To the City Court of Atlanta:

"The petition of Albert Miller shows the following facts:

"(1) The defendant is the Illinois Central Railroad Company, a railroad corporation with officers, agents, and a place of business in said county.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"(2) Defendant is a foreign corporation, and is not a resident or citizen of the state of Georgia.

"(3) Plaintiff is a citizen and resident of Tennessee.

"(4) Defendant has damaged petitioner in the sum of $10,000 by reason of the following facts: [Here follows a copy in full of the act of Congress of April 22, 1908, known as the 'Employer's Liability Act' (Act April 22, 1908, 35 Stat. 65, c. 149)].

"(6) On or about August 1, 1908, petitioner was in the employ of the defendant.

"(7) On said date, while in the employ of the defendant, he was injured at Dyersburg, Tenn.

"(8) The work in which petitioner was engaged was running a freight train, which train was running from one state into another and was engaged in interstate commerce.

"(9) Petitioner was employed by the defendant, a common carrier, in such commerce.

"(10) In the discharge of his duty petitioner was setting or throwing the switch at Dyersburg.

"(11) The lock on the switch was hard to handle, and it took some time to do this.

"(12) As soon as petitioner fixed the switch he turned toward the engine on which he was working, which had been a short distance from him: as petitioner turned, he found the engine right on him. The engine was backing, and the cab was nearly passed. Petitioner grabbed at the cab, was thrown under the engine, and his leg cut off. As petitioner saw he was falling, he halloed. The engineer paid no attention to him, and went on some 50 feet beyond him.

"(13) Defendant was negligent in that its engine advanced toward and upon petitioner before any signal was given by petitioner, and before any signal had been given that the engine was about to advance upon him.

"(14) Defendant was negligent in failing to stop its engine after petitioner had fallen.

"(15) Petitioner, as said engine approached him, found the engine right at him. It was his duty to go with said engine, and there was an emergency upon him.

"(16) Petitioner thought then, and thinks now, that he was more apt to be injured by not seeking to get upon said engine than seeking to get upon said engine.

"(17) Petitioner used all ordinary care at the time and place he could have used under the circumstances.

"(18) Petitioner's leg was cut off just below the knee.

"(19) Petitioner was about 27 years of age, and was earning from sixty to seventy dollars per month.

"(20) Petitioner's capacity to work and earn money has been destroyed.

"(21) Petitioner has suffered and will always suffer great mental and physical pain and anguish as a result of said injury.

"(22) The grabiron or handholds on the side of the engine were insecure, unsafe, and not properly constructed.

"(23) Petitioner brings this suit under the federal statute herein set forth, and relies solely upon the same for his recovery.

"Wherefore petitioner prays that process issue to the defendant requiring it to be and appear at the next term of this court to answer his complaint."

The process attached to the declaration shows that the case was returnable to the city court of Atlanta on the 1st day of March, 1909. On that day the defendant appeared and filed its petition for removal to the Circuit Court of the United States for this district, properly verified, and accompanied by the bond necessary under the removal act. The petition for removal is as follows:

"Your petitioner, Illinois Central Railroad Company, appearing only for the purpose of this application, respectfully shows to this honorable court:

"(1) That it is defendant in this suit, which is of a civil nature, and that

the matter and amount in dispute in this case exceeds the value or sum of two thousand dollars, exclusive of interest and costs.

"(2) That the cause of action on which this suit is founded arises under the laws of the United States, under an act of Congress approved April 22, 1908, the title of said act being 'An act relating to the liability of common carriers by railroad to their employés, in certain cases.'

"(3) That this suit shows that petitioner is a common carrier engaged in interstate commerce, and that plaintiff was an employé of defendant, and above-entitled action is brought for the purpose of recovering from your petitioner the sum of ten thousand dollars damages on account of personal injuries received by plaintiff, while an employé of petitioner engaged in interstate commerce, on one of its cars.

"(4) Said complaint further shows that the determination of the liability of your petitioner to pay the damages complained of in the complaint, to wit, ten thousand dollars, depends upon the construction of the act of Congress of the United States above referred to, which act of Congress is set out in plaintiff's petition and made part of his complaint; that the defendant, your petitioner, will and does claim that, under and in pursuance of the provisions of said act of Congress, it is not liable to plaintiff in any sum whatever.

"(5) Your petitioner represents that the only question involved in this action arises out of and depends upon the construction to be given to the aforesaid act of Congress of the United States, and the decision of this case and of the issues arising herein between the plaintiff and the defendant depends upon the construction of the aforesaid laws of the United States as contained in the employer's liability act of Congress; and this suit arises wholly out of a controversy between the parties in regard to the operation and effect of the laws aforesaid upon the facts involved.

"(6) Your petitioner herewith presents a good and sufficient bond, as provided by the statute in such cases, that it will, on or before the first day of the ensuing session of the United States Circuit Court for the Northern District of Georgia, file therein a transcript of the record in this action, and for the payment of all costs which may be awarded by the said court, if the said Circuit Court shall hold that this suit was wrongfully removed thereto.

"Your petitioner, therefore, prays that this court proceed no further herein, except to make order of removal as required by law, and to accept the bond presented herewith, and direct a transcript of the record herein to be made for said court, as provided by law, and, as in duty bound, your petitioner will ever pray."

It will be perceived that the ground for removal is that the cause of action on which the suit is founded arises under the laws of the United States; that is, under the employer's liability act of Congress approved April 22, 1908. The plaintiff has seasonably filed a motion to remand this case to the state court from which it was removed. This is the motion:

"Now comes the plaintiff in the above-stated case and shows to the court that there is no dispute or controversy as to the effect or construction of the Constitution or laws of the United States involved in said case, and that this was the only ground upon which said case was removed.

"Plaintiff, therefore, moves the court to remand said cause to the state court."

Even if the petition for removal shows satisfactorily that the determination of this case depends upon the construction of the employer's liability act of Congress, and I do not think it does, that would be insufficient to justify the removal of the case on the ground that it is a case arising under the Constitution or laws of the United States. Since the decision by the Supreme Court in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, it is thoroughly settled that under the act of March 3, 1887, 24 Stat. 552,

c. 373, as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866 (U. S. Comp. St. 1901, p. 508), to justify a removal from the state court to the Circuit Court of the United States on the ground that the suit is one arising under the Constitution, laws, or treaties of the United States, it must so appear in the plaintiff's statement of his own claim. Under the act of 1875 (18 Stat. 470, c. 137 [U. S. Comp. St. 1901, p. 508]) it was held that if the fact that the case arose under the Constitution, or laws, or treaties of the United States appeared in the answer of the defendant, or the petition for removal, it was sufficient. Railway Company v. Mississippi, 102 U. S. 135, 26 L. Ed. 96; Ames v. Kansas, 111 U. S. 449, 4 Sup. Ct. 437, 28 L. Ed. 482; Brown v. Houston, 114 U. S. 622, 5 Sup. Ct. 1091, 29 L. Ed. 257; Provident Savings Society v. Ford, 114 U. S. 635, 5 Sup. Ct. 1104, 29 L. Ed. 261; Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Tennessee v. Whitworth, 117 U. S. 129, 6 Sup. Ct. 645, 29 L. Ed. 830; Southern Pacific Railroad Company v. California, 118 U. S. 109, 6 Sup. Ct. 993, 30 L. Ed. 103; Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677, 35 L. Ed. 314.

But even under the act of 1875 as to cases originally brought into the Circuit Court on the ground that the suit was one arising under the Constitution, laws, or treaties of the United States, it was necessary that it should appear to be such a case by the plaintiff's own statement of his claim. In the opinion by Mr. Justice Gray in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, he said, speaking of the acts of 1887 and 1888:

"In section 1, as thereby amended, the words giving original cognizance to the Circuit Courts of the United States in this class of cases are the same as in the act of 1875 (except that the jurisdictional amount is fixed at $2,000), and it is therefore essential to their jurisdiction that the plaintiff's declaration or bill should show that he asserts a right under the Constitution or laws of the United States. But the corresponding clause in section 2 allows removals from a state court to be made only by defendants, and of suits 'of which the Circuit Court of the United States are given original jurisdiction by the preceding section,' thus limiting the jurisdiction of a Circuit Court of the United States, on removal by the defendant under this section, to such suits as might have been brought in that court by the plaintiff under the first section. 24 Stat. 553; 25 Stat. 434. The change is in accordance with the general policy of these acts, manifest upon their face, and often recognized by this court, to contract the jurisdiction of the Circuit Courts of the United States."

This case of Tennessee v. Union & Planters' Bank has been followed in many cases by the Supreme Court. In Arkansas v. Kansas & Texas Coal Company, 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144, in the opinion by the Chief Justice on page 188 of 183 U. S., on page 48 of 22 Sup. Ct. (46 L. Ed. 144), it is said:

"The general policy of the act of March 3, 1887, as corrected by the act of August 13, 1888 (24 Stat. 552, c. 373; 25 Stat. 433, c. 866), as is apparent on its face, and as has been repeatedly recognized by this court, was to contract the jurisdiction of the Circuit Courts. Those cases, and those only, were made removable under section 2 in respect of which original jurisdiction was given to the Circuit Courts by section 1. Hence it has been settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim; and, if it does not so appear, the want of it cannot be supplied by any

statement of the petition for removal or in the subsequent pleadings. And, moreover, that jurisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States, or under statutes of the United States, or of a state, in conflict with the Constitution"—citing Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Chappell v. Watherworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; Sawyer v. Kockersperger, 170 U. S. 303, 18 Sup. Ct. 946, 42 L. Ed. 1046; Florida Central & Peninsula Railroad v. Bell, 176 U. S. 321, 20 Sup. Ct. 399, 44 L. Ed. 486."

Considering the claims the plaintiff has made by his own statement of the same, is it a case for removal from the state court to the Circuit Court of the United States under the acts of Congress of 1887 and 1888, as one arising under the Constitution, laws, or treaties of the United States?

Under the act of 1875 it was held by the Supreme Court in Gold Washing & Water Company v. Keyes, 96 U. S. 199, 24 L. Ed. 656:

"A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the Constitution or laws of the United States. The decision of the case must depend upon that construction. The suit must, in part at least, arise out of a controversy between the parties in regard to the operation and effect of the Constitution or laws upon the facts involved. That this was the intention of Congress is apparent from section 5 of the act of 1875, which requires the Circuit Court to dismiss the cause, or remand it to the state court if it shall appear, 'at any time after such suit has been brought or removed thereto, that such suit does not really or substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court.'

"Before, therefore, a Circuit Court can be required to retain a cause under this jurisdiction, it must in some form appear upon the record, by a statement of facts, 'in legal and logical form,' such as is required in good pleading (1 Chit. Pl. 213), that the suit is one which 'really and substantially involves a dispute or controversy' as to a right which depends upon the construction or effect of the Constitution, or some law or treaty, of the United States."

In Western Union Telegraph Company v. Ann Arbor Ry. Company, 178 U. S. 239, 20 Sup. Ct. 867, 44 L. Ed. 1052, it is said:

"When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States before jurisdiction can be maintained on this ground." Citing Gold Washing & Water Company v. Keyes. 96 U. S. 199, 24 L. Ed. 656; Blackburn v. Portland Gold Mining Company, 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276.

In Defiance Water Company v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140, the Chief Justice, in delivering the opinion of the court on this question, says:

"We have repeatedly held that 'when a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the

construction of the Constitution or some law or treaty of the United States before jurisdiction can be maintained on this ground.'" See, also, Bankers', etc., Co. v. Railway Co., 192 U. S. 371, 24 Sup. Ct. 325, 48 L. Ed. 484.

There are many cases in the Circuit Court to the same effect. In Fitzgerald v. Miss. Pacific Railroad Co. (C. C.) 45 Fed. 812, Judge Caldwell says on this subject:

"If there is no dispute between the parties as to the meaning of an act of Congress, there is no federal controversy between them, and no cause for removal. The Supreme Court has settled the rule on this subject."

See, also, McFadden v. Robinson (C. C.) 10 Sawy. 398, 22 Fed. 10, Hambleton v. Duham (C. C.) 10 Sawy. 489, 22 Fed. 465, and Theurkauf v. Ireland (C. C.) 11 Sawy. 512, 27 Fed. 769.

Now, taking the plaintiff's case as presented by his declaration, it does not appear that the construction of the act known as the "Employer's Liability Act" of Congress is in any way involved in this case. It seems to be a case where the decision will depend entirely upon the facts of the case as applied to the law. The mere application of the act of Congress to the case gives no right of removal. The decision of the case must depend upon its construction, and that in no way appears in the plaintiff's pleadings in this case.

If in the course of the trial of the case in the state court it should develop that the decision of the case depends upon the construction of the act of Congress, and the decision is against some right or privilege set up and claimed by the defendant thereunder, he is not remediless. The matter may be re-examined and reversed or affirmed in the Supreme Court of the United States upon writ of error to the highest court of the state. If any doubt should exist as to the right to remove a case from the state court to the Circuit Court of the United States, the case should be remanded, but this is not, to my mind, a doubtful case at all. I am thoroughly satisfied that it was not a removable case.

An order may be taken remanding this case to the city court of Atlanta.

As this case is to be remanded to the state court upon the ground that it was improperly removed, of course the question raised in the case here as to the sufficiency of the service should be left for determination in the state court.