PAINE METALLIC PACKING CO. v. BRIDGEPORT METALLIC PACKING CO.

(Circuit Court, D. Connecticut.    July 6, 1909.)

No. 1,269.

PATENTS (§ 328*)—INVENTION—METALLIC RING PACKING.

The Paine patent, No. 774,490, for a metallic ring packing, is void for lack of novelty or invention in view of the prior art.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit for infringement of letters patent No. 774,490, for metallic ring packing, granted to Jedediah C. Paine November 8, 1904. On final hearing.

E. K. Nicholson, for complainant.

F. W. Smith, Jr., for defendant.

PLATT, District Judge. This court dealt with substantially the same matter which is now at issue when it decided the Blake & Johnson Case (C. C.) 161 Fed. 134. The only defense then urged was noninfringement, and the validity of the patent was practically conceded. The prior art was touched upon very lightly, and for no other purpose than to obtain light as to what the patentee meant when he used in his claims the words "cut solely on tangential lines," which was the turning point of the former issue. Now the patent is vigorously attacked, and the situation demands an exhaustive examination of the prior art. The court has done its utmost in this respect, and has tried to place itself as best it could in Mr. Paine's shoes when he filed his application. The result is disastrous to the patent, but the time at my disposal forbids anything more than a cursory glance at the art.

Katzenstein, 228,200, June 1, 1880, and Thurston, 318,400, May 19, 1885, were common property when Paine filed his application. The former patent shows a metallic packing divided on tangential lines, in contradistinction to radial; the rings of each pair being placed face to face so as to break joints. There was no encircling spring, and no inner casing, in the strict sense of the words. The latter patent, however, has an inner casing having grooves to contain rings, and also has a coil spring to keep the sections of the packing always against the piston rod, thus taking up wear. This inner casing of Thurston was

adopted by both parties here at issue as soon as the patent had expired, and cannot be tortured into adding any vitality to the patent in suit. Foss, 368,916, had a plain ring packing, with rings divided solely on tangential lines, as compared to a division partly radial and partly tangential in the same ring, and surrounded by a spring which holds the sections constantly against the piston rod; and Foss said that his rings were arranged tangentially, but that the cuts on each of the pair which went together were made in opposite directions, so as to break joints.

If Paine read these patents before he went to the Patent Office, it is difficult to understand what he thought he had found which was new and not public property. When he reached the office there were France, 636,512, November 7, 1899, and Holmes, 654,542, July 24, 1900, staring him in the face. France shows a metallic packing which contains in combination a grooved casing, a pair of sectional rings arranged within each groove, said rings being divided on tangential lines (as distinguished from radial), and so mutually arranged as to break joints, and an encircling spring around the sections of each ring, which serves as the sole means of maintaining contact of the ring with the piston rod. France thought it better to leave shoulders at the inner end of the cuts, but he says enough to show that he had tangential cuts without shoulders in mind. He preferred his way, and it would not call for an inventive genius to take up the method which he suggests but discards. Taking into account all which had appeared before, it strikes me that claims 1 and 2 of the patent in suit ought to have been refused after a glance at the France patent.

And Holmes, 654,542, remained to be reckoned with. In that patent can be found every idea which Paine was suggesting, except that one of the pair of rings placed together in the groove was divided tangentially and the other radially. These were arranged to break joints, and all that Paine had to do was to cut another like tangential ring and substitute it for the radially cut one, still providing for the breaking of joints. Any respectable mechanic could have done that. If the ring of the Holmes patent is not cut "solely on tangential lines," there was certainly enough information at hand in the art to negative novelty or invention in making that departure from Holmes.

If the court could find a spark of life in the claimed invention, it would be a hard task to pick out which claims to uphold. Claims 1 and 3 have no encircling spring, which is a necessary element to a working mechanism. Claims 2 and 4 have an encircling spring, and the only difference between them is that claim 2 is for a pair of rings, and claim 4 for plurality of pairs. Fortunately it is not necessary to analyze, because the reason of the case counts against the whole claim of invention.

It being clear to the court that the patent is invalid, it is not necessary to examine the question of prior use.

Let the bill be dismissed, with costs.