## 1991. CALHOUN *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. A right whose very existence depends upon an act of Congress necessarily involves the construction and application of the Federal statute in its enforcement. "The act itself is the first ingredient in the case, is its origin, is that from which every other part arises." Osborne *v.*

Bank of the United States, 9 Wheaton, 738 (6 L. ed. 204). And a case brought to enforce a right exclusively dependent upon the Federal law is within the judicial power of the United States as defined in the constitution of the United States, art. 3, sec. 2, paragraph 1.

2. Where it appears, from the statements of the petition, that the plaintiff's right, if any, is wholly dependent upon an act of Congress for its enforcement, the construction and application of the Federal law is necessarily involved, and it is the duty of the State court, upon presentation of a proper petition, if the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, to remove the cause to the Federal court, in accordance with the provisions of the act of Congress approved March 3, 1875 (18 Stat. 470, c. 137), as amended by the act of March 3, 1887 (24 Stat. 552, c. 373), and the act of August 13, 1888 (25 Stat. 433, c. 866, U. S. Comp. Stat. 1901, p. 508).

Petition for removal to United States court; from city court of Savannah—Judge Freeman. May 31, 1909.

Argued July 20, 1909.—Decided March 4, 1910.

*J. J. Flynt, R. R. Arnold, Osborne & Lawrence,* for plaintiff.

*Lawton & Cunningham,* for defendant.

RUSSELL, J. The plaintiff in error brought a suit for damages against the railroad company, basing his right of action upon the "employer's liability act" of April 22, 1908, c. 149 (35 Stat. 65, U. S. Comp. St. Supp. 1909, p. 1171). In his petition he alleged, that while engaged as a fireman on a passenger-train of the defendant, running between Chattanooga, Tennessee, and Griffin, Georgia, and while upon said train, which was engaged in interstate commerce, he was engaged in interstate commerce, and when about a mile and a half out of Chattanooga, he was injured by certain alleged negligent acts of the engineer in charge of the locomotive attached to said train. In the fourteenth paragraph of the petition he alleged: "Plaintiff brings this suit under the act of Congress approved in April, 1908, entitled 'An act relating to the liability of common carriers by railroads to their employees in certain cases,' and says that, under said act, he was in the employment of a common carrier engaged in commerce by railroad between the several States, and was at the time of his injuries herein described engaged in interstate commerce, and suffered said injuries herein described, in whole or in part, from the negligence of the agents and employees (other than himself) of said defendant carrier."

The defendant filed a petition for removal to the Federal court,

34

and an order of removal was passed. The only recital of jurisdictional facts made by the defendant in assertion of a right of removal, as appears from its petition to remove, is as follows: "That the above-stated case arises under the act of Congress approved April 22, 1908, entitled 'An act relating to the liability of common carriers by railroad to their employees in certain cases,' and that the matter and amount in dispute in said suit exceeds, exclusive of interest and costs, the sum of $2,000, and that said suit is of a civil nature at law." The plaintiff filed the following written objection to the removal: "And now comes the plaintiff in the above-stated case and denies the right of the defendant to remove said cause to the circuit court of the United States, and resists the petition for the same, and shows to the court that there is no dispute or controversy as to the effect or construction of the constitution or laws of the United States involved in this case, and that this is the only ground upon which the said case is sought to be removed. Plaintiff therefore prays the court to refuse an order of removal."

Exception is taken to the judgment of the city court of Savannah, which removed the cause to the United States circuit court for the southern district of Georgia. The question thus presented for our consideration, therefore, is, was the suit removable from the city court under the act of Congress of March 3, 1887 (24 Stat. 552, c. 373), as amended by the act of August 13, 1888 (25 Stat. 433, c. 866, U. S. Comp. Stat. 1901, p. 508), which provides, that "any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States  .  .  , of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district"? We are presented at the very threshold of the case with ·two conflicting views of the proposition, each supported by much eminent authority. The learned counsel for the defendant in error rely largely upon the decisions of Judge Newman in the cases of Miller *v.* Illinois Central Railroad Co., 168 Fed. 982, and Nelson *v.* Southern Railway Co., 172 Fed. 148, in which cases it was ruled that the fact that the cause of action originated under the Federal "employer's liability act" does

not afford ground for removal to the United States court, unless it is apparent, from the plaintiff's petition, that there is a dispute or controversy as to the construction or application of the act of Congress to the facts; in other words, that the mere fact that the cause of action had its origin and is dependent for its existence upon an act of Congress, or the fact that it is possible that a controversy may arise as to the construction of the act, is not sufficient to authorize removal, but that it must appear from the plaintiff's petition *alone* that there actually is a controversy between the parties involving the construction or applicability of the Federal law, before the United States court can entertain jurisdiction. On the other hand, counsel for the plaintiff in error rely upon a chain of authorities starting with the case of Osborne *v.* Bank of the United States, 9 Wheaton, 738 (6 L. ed. 204), in which the Supreme Court of the United States has decided that where "the act itself is the first ingredient in the case, is its origin, is that from which every other part arises," the Federal courts have paramount jurisdiction. In the consideration of the authorities we have been impressed with the fact that the apparent conflict is more apparent than real, when the nature of the issues involved in each case cited is considered, and especially when the fact is considered that in most of the cases cited the act of Congress which might in some sense be considered as the basis of the action was not like the "employer's liability act." Furthermore, two considerations have to some extent influenced our determination of the issue involved in this case, which, while not insisted upon in the argument, seem to us to be of some moment. In the first place, if the United States court to which this case has been removed is of the opinion that the cause is not properly removable, there arises upon its part a duty, which it is to be presumed it will perform, to remand the cause to the State court; and in the second place, we feel relieved of some responsibility, by reason of the fact that our decision will not likely be a precedent or a controlling authority; because rulings in similar cases will sooner or later be controlled by an authoritative adjudication by the Supreme Court of the United States upon the very point at issue. As Chief Justice Bleckley remarked in the case of *Gregory* v. *State,* 80 *Ga.* 270 (7 S. E. 223), "this is a case of considerable doubt, but our best opinion is that the judgment should be affirmed."

We think that we see two distinctive points of difference between the cases cited in behalf of the plaintiff in error and the case at bar. In the first place, conceding that the right of removal has been contracted by the latest congressional legislation upon the subject, and that this was its purpose, still the "employer's liability act" was passed subsequently to the act of 1887, which was intended to contract the right of removal, and it can hardly be doubted that it was the intention of Congress, in the passage of this act, to assert exclusive jurisdiction of the subject-matter, so far as the matter of injuries to employees caused by carriers engaged in interstate commerce is concerned, as an exercise of its power to regulate interstate commerce, though not necessarily to confer exclusive jurisdiction on the Federal courts. In the next place, several of the authorities cited advert to the fact that the case then under consideration could not properly be removed, because it was apparent from the petition that no dispute could arise, except collaterally, which would involve the construction or application of the Federal statute; in other words, that the plaintiff in some cases exhibited a perfect right of action regardless of the Federal statute. That can not be true in this case. Let us concede that the plaintiff (by reason of the fact that the allegation that his injury was due to the negligence of other employees than himself is equivalent to an allegation that his conduct as an employee was blameless) has a perfect cause of action under the laws of Georgia; still he has not a perfect cause of action if his injury was received in the State of Tennessee; because in that jurisdiction he can not recover if the injury was caused by the negligence of his fellow servant, even if he himself is without fault. The petition does not disclose whether the tort was committed in Georgia or in Tennessee, and it is therefore apparent that the right of this plaintiff to recover will, at the very outset of this trial, be made entirely dependent upon the application of the act of Congress of 1908, commonly denominated as the "employer's liability act." Nor will it be so much an application of the Federal law to the facts as the question of the application of the Federal law to that of Tennessee or Georgia, as the parties shall respectively contend such law is applicable, to perhaps an undisputed state of facts. In any event it is manifest that if it should appear that the plaintiff's injury was received in the State of Tennessee, the plaintiff would have to

rely entirely upon his rights under the Federal statute. It would not be a question of asserting a right given him by the Federal statute, and not disputed, according to the laws of the State where the trial is to be had, but it would be a case where without the Federal statute the plaintiff would have no case. In such a case as this we can have no doubt that the Federal court has jurisdiction, and certainly no doubt that the city court of Savannah would have no jurisdiction not subject to be divested by removal. Even though the rule be that to authorize removal, the evidence that there is a dispute or controversy between the parties as to the application of the Federal statute must come from the inspection of the plaintiff's petition alone, nevertheless we apprehend that the usual rule, that the pleadings are to be ·construed most strictly against the pleader, will still prevail. If this be so, it is clear, from the fact that the pleader fails to state that the injury was received within the State of Georgia, that the inference that it occurred without the limits of the State is to be preferred. This being true, it follows that the city court of Savannah would not have exclusive jurisdiction to administer a right derived entirely from a Federal statute. We are therefore of the opinion that the judgment of the city court of Savannah, in ordering the case to be removed, should be affirmed. We are impressed with the view that in any case dependent for its origin upon the act of Congress of 1908, which is a regulation of commerce between the States, if the cause of action involves an amount· exceeding $2,000, exclusive of interest and costs, the jurisdiction of the United States court, if the requirements of that statute are complied with, is paramount. This would seem to follow from the decisions in the several cases cited. Some of us are of the opinion that the case would not be removable if the petition presented a perfect cause of action regardless of the "employer's liability act," but it is not necessary to pass upon that phase of the question. The majority of the court are of the opinion that where the act of Congress is specifically pointed out and relied upon as the sole basis of the right of action sought to be enforced, the construction and application of the act of Congress sought to be asserted is necessarily involved, and that all such cases should be removed, upon a proper petition therefor.

*Judgment affirmed.*