### 3643. CALHOUN *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

As even the plaintiff's evidence demanded a verdict for the defendant, the errors assigned upon the charge of the judge are immaterial. There was no testimony in behalf of the plaintiff other than such as required a finding that the casualty was a pure accident; but even if the usual

presumption of negligence applicable to injuries resultant from the operation of the trains of a railroad company could be said to have arisen, the presumption was fully rebutted.

DECIDED MARCH 6, 1912.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 29, 1911.

*Osborne & Lawrence, R. R. Arnold,* for plaintiff.

*H. W. Johnson,* for defendant.

RUSSELL, J. There are various assignments of error predicated upon the charge of the court. The court erred in charging that the plaintiff, who was an employee of the defendant company, must show himself free from fault. It was unnecessary for the plaintiff to do this. The action, as was pointed out when this case was here before (7 *Ga. App.* 528, 67 S. E. 274), was distinctly brought under the Federal "employer's liability act." Some of the other excerpts from the charge, to which exceptions are taken, may not be aptly adjusted to the cause. But all of these exceptions become immaterial, for, upon review of the plaintiff's own testimony, it is quite apparent that the verdict in behalf of the defendant was demanded. No other verdict could have been legally reached. Even if the jury believed the unreasonable story of the plaintiff, there was nothing that could have been done by the engineer that was not done, and the plaintiff himself did nothing. He did not even call the attention of the engineer to the cow which he said was approaching from his side of the track, and which, according to his account, he thought would probably be run over. He did not ring the bell to frighten the cow, and he deliberately got down from his seat in the presence of danger and went to shoveling coal. There was no negligence proved by the plaintiff except his own. There was nothing in the testimony of the defendant's witnesses to evidence anything but a pure accident.

*Judgment affirmed. Pottle, J., not presiding.*